IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAUREN B. PEÑA, individually and on behalf of her minor child,<br>*Plaintiff,*<br><br>v.<br><br>PATHWAYS AT CHALMERS SOUTH,<br>CARLETON LIVING /<br>CARLETON MANAGEMENT SERVICES,<br>MICHELLE SMITH, in her individual and official capacity,<br>SHARON CARPENTER, in her individual and official capacity,<br>HOUSING AUTHORITY OF THE CITY OF AUSTIN (HACA),<br>and CHRIS HEALE, in his individual and official capacity,<br>*Defendants.* | §§§§§§§§§§§§§§§§§ Civil Action No. _____<br><br>1:26CV00132 RP |

FILED
2026 JAN 20 AM 11:18
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

**CIVIL RIGHTS COMPLAINT**
(Disability Discrimination, Retaliation, Failure to Accommodate, and Injunctive Relief)

## I. INTRODUCTION

1. This action arises from Defendants' retaliation and discrimination against a disabled household after Plaintiff engaged in extensive, protected civil-rights activity, including formal complaints to HUD and the Texas Department of Licensing and Regulation (TDLR) regarding ADA noncompliance, safety hazards, and habitability failures.

2. After years of notice, agency escalation, and approved but unimplemented reasonable accommodations, Defendants terminated Plaintiff's lease and refused renewal, despite Plaintiff's clear intent to remain housed and despite the absence of alternative housing.

3. Defendants' conduct violates the Fair Housing Act, Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Texas Property Code anti-retaliation provisions, and fundamental principles of due process and equal protection.

1

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 3613, 29 U.S.C. § 794, and 42 U.S.C. § 12133.

5. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this action occurred in this District and Defendants conduct business here.

## III. PARTIES

6. Plaintiff Lauren B. Peña is a disabled tenant and head of household residing at Pathways at Chalmers South for approximately four years prior to non-renewal.

7. Plaintiff's household includes a disabled minor child with serious medical conditions requiring stable, accessible housing.

8. Pathways at Chalmers South is the residential property where Plaintiff resided.

9. Carleton Living / Carleton Management Services exercises operational control, policy authority, and supervision over the property.

10. Michelle Smith was the on-site General Manager responsible for leasing decisions, accommodations, and tenant relations.

11. Sharon Carpenter, Area Vice President, exercised supervisory authority and ratified actions and omissions complained of herein.

12. Housing Authority of the City of Austin (HACA) administers Plaintiff's housing assistance and had authority to intervene to prevent discrimination.

13. Chris Heale, a Housing Eligibility Specialist II, was personally notified of ongoing ADA violations and failed to act.

## IV. FACTUAL ALLEGATIONS

### A. Disability, Accommodation Requests, and ADA Failures

14. Plaintiff and her minor child are individuals with disabilities within the meaning of federal law.

15. Plaintiff requested reasonable accommodations including accessible housing and relief from inaccessible conditions, supported by medical documentation. (Exhibit 6) (D)

2

16.  Defendants acknowledged receipt of medical documentation and approved accommodation requests but failed to implement them. *(Exhibit 6(a), (e))*.

17.  The property experienced repeated elevator failures, denying Plaintiff safe access to and from her unit. *(Exhibit 7(a)–(d))*.

**B. Safety and Habitability Complaints**

18.  Plaintiff repeatedly reported specific, verified safety threats, including unauthorized access and criminal activity, and directed management to security cameras for confirmation. *(Exhibit 8(a)–(c))*.

19.  Defendants failed to take corrective action, placing Plaintiff and other residents at continued risk.

**C. Protected Activity and Government Investigations**

20.  Plaintiff filed a HUD housing discrimination complaint on or about March 2024, which HUD advanced, investigated, and maintained as an active agency file. *(Exhibit 1(a), (b); Exhibit 9(a), (c))*.

21.  Plaintiff also filed a complaint with the Texas Department of Licensing and Regulation ("TDLR"), which was forwarded for prosecution. *(Exhibit 2)*.

22.  Defendants were on actual notice of these investigations well before the adverse housing action. *(Exhibit 1(b); Exhibit 3(e); Exhibit 5(a), (b); Exhibit 6(d); Exhibit 8(c))*.

**D. HACA Notice and Deliberate Indifference**

23.  Plaintiff specifically notified Chris Heale and the Housing Authority of the City of Austin ("HACA") that an available accessible unit was being shown to other potential renters.

24.  Despite having authority to intervene, HACA and Chris Heale failed to respond or act. *(Exhibit 5; Exhibit 7(a))*.

**E. Pretext and Retaliation**

25.  On January 9, 2026, Plaintiff affirmatively inquired about renewing her lease, expressing her intent to remain housed. *(Exhibit 4)*.

26.  Plaintiff submitted requests for reasonable accommodation and sought written responses regarding her housing status and disability-related needs. Defendants failed to respond. *(Exhibit 4)*.

27.  Shortly thereafter, Defendants issued a lease non-renewal terminating Plaintiff's tenancy. *(Exhibit 3)*.

28.  The close temporal proximity between Plaintiff's protected activity and Defendants' silence and adverse action establishes retaliation and pretext.

**COUNT I Fair Housing Act — Disability Discrimination 42 U.S.C. §§ 3604(f)(1)–(2)**

29. Plaintiff is a person with a disability within the meaning of the Fair Housing Act. Defendants are housing providers subject to the Fair Housing Act. Defendants knew or should have known of Plaintiff's disability. Defendants discriminated against Plaintiff on the basis of disability by denying equal terms, conditions, and privileges of rental housing, including housing stability and access to housing benefits. Defendants' conduct interfered with Plaintiff's right to use and enjoy her dwelling on an equal basis with nondisabled tenants. Defendants' actions violate 42 U.S.C. §§ 3604(f)(1)–(2).

**COUNT II Fair Housing Act — Failure to Provide Reasonable Accommodation 42 U.S.C. § 3604(f)(3)(B)**

30. Plaintiff requested reasonable accommodations in rules, policies, and practices necessary to afford equal opportunity to use and enjoy her dwelling. The requested accommodations were reasonable, necessary, and directly related to Plaintiff's disability. Defendants had actual notice of Plaintiff's disability and accommodation needs. Defendants refused, failed, or unreasonably delayed providing reasonable accommodations and failed to engage in any meaningful interactive process. Defendants' failure to accommodate constitutes discrimination under 42 U.S.C. § 3604(f)(3)(B) and 24 C.F.R. § 100.204(a).

**COUNT III Section 504 of the Rehabilitation Act — Deliberate Indifference 29 U.S.C. § 794(a)**

31. Defendants receive federal financial assistance and are subject to Section 504 of the Rehabilitation Act. Plaintiff is a qualified individual with a disability. Defendants had actual knowledge of Plaintiff's disability and of a substantial likelihood that their actions and inaction would violate Plaintiff's federally protected rights. Despite this knowledge, Defendants failed to take prompt and effective action to provide reasonable accommodations. Defendants' conduct constitutes deliberate indifference. Defendants denied Plaintiff meaningful access to housing benefits and services in violation of 29 U.S.C. § 794(a) and 24 C.F.R. §§ 8.33 and 8.41(a).

**COUNT IV Americans with Disabilities Act — Denial of Access to Public Services Title II, 42 U.S.C. § 12132**

32. Defendants are public entities within the meaning of the ADA. Plaintiff is a qualified individual with a disability. Defendants denied Plaintiff access to services, programs, and activities, including safe and accessible housing and housing administration. Repeated elevator failures and Defendants' refusal to provide accessible housing or reasonable modifications denied Plaintiff equal access by reason of her disability. Defendants violated 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

**COUNT V Texas Property Code — Retaliation Tex. Prop. Code § 92.331**

33. Plaintiff engaged in protected activity by reporting code violations, unsafe conditions, and by exercising rights under federal and state law. Defendants knew of Plaintiff's protected activity. Within a short period after Plaintiff's protected activity, Defendants took adverse action by issuing a lease non-renewal and threatening termination of tenancy. The timing of Defendants' actions gives rise to a presumption of retaliation under Texas law. Defendants' actions were retaliatory and would deter a reasonable tenant from exercising legal rights. Defendants violated Texas Property Code § 92.331(a).

## VI. INJUNCTIVE RELIEF

34. Plaintiff faces irreparable harm, including homelessness and serious medical risk.

35. Monetary damages alone are insufficient.

36. Plaintiff seeks immediate injunctive relief prohibiting Defendants from enforcing the lease non-renewal and requiring compliance with federal and state disability laws.

## VII. PRAYER FOR RELIFE

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and grant the following relief:

37. Declaratory Relief- A declaration that Defendants violated the Fair Housing Act, Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, and applicable federal and state law, including retaliation for protected activity and failure to provide reasonable accommodations.

38. Injunctive and Equitable Relief- Temporary and permanent injunctive relief enjoining Defendants from enforcing any lease non-renewal, displacement, or retaliatory action against Plaintiff or her household, and ordering all actions necessary to preserve Plaintiff's housing stability during and after this litigation.

39. Housing-Stability Remedy- An order requiring Defendants to provide permanent, stable housing within Plaintiff's existing neighborhood as a reasonable accommodation and equitable remedy, where relocation would impose substantial disability-related hardship and no reasonable, comparable housing alternatives exist in the current market.

40. Retention of Jurisdiction- An order retaining jurisdiction to ensure Defendants' ongoing compliance with the Court's injunctive and equitable relief.

41. Compensatory Damages- An award of compensatory damages, in an amount to be determined at trial, for economic and non-economic harm caused by Defendants' unlawful conduct, including loss of income and earning capacity, loss of employment and financial opportunities due to prolonged housing instability, increased housing-related expenses and administrative burdens, and medical, psychological, and disability-related harm exacerbated by unsafe conditions and retaliation.

42. Costs and Expenses- An award of allowable litigation costs and expenses as permitted by law.

43. Other Relief- Such other and further relief as the Court deems just, proper, and equitable to fully remedy Defendants' violations and prevent future harm.

Respectfully Submitted,
Lauren B. Peña
Plaintiff, Pro Se
1638 E 2nd Street #401
Austin Texas, 78702

**VERIFICATION**

I, Lauren B. Peña, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.
Executed on the 20th day of January, 2026, in Austin, Texas.

*/s/ Lauren B. Peña*