IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LAUREN B. PEÑA, individually and on behalf of her minor child,<br>*Plaintiff,*<br><br>v.<br><br>PATHWAYS AT CHALMERS SOUTH,<br>CARLETON LIVING /<br>CARLETON MANAGEMENT SERVICES,<br>MICHELLE SMITH, in her individual and official capacity,<br>SHARON CARPENTER, in her individual and official capacity,<br>HOUSING AUTHORITY OF THE CITY OF AUSTIN (HACA),<br>and CHRIS HEALE, in his individual and official capacity,<br>*Defendants.* | §§§§§§§§§§§§§§§§§<br><br>Civil Action No. _____ |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### I. INTRODUCTION

Plaintiff seeks a narrowly tailored preliminary injunction to prevent imminent displacement and irreparable harm to her household pending resolution of this action. Defendants have issued a lease non-renewal effective March 31, 2026, after which eviction proceedings may be initiated. Absent court intervention, Plaintiff and her household, which includes minor children and documented disability-related needs, face loss of housing stability, disruption of disability accommodations, and harm that cannot be remedied by money damages alone.

### II. FACTUAL BACKGROUND

1. Plaintiff has resided in the subject housing and has engaged in protected activity, including reporting unsafe conditions and requesting reasonable accommodations related to disability. *(Exhibit 1 (a), Exhibit 2, Exhibit 8 (a))*

2. Defendants had notice of Plaintiff's disability-related needs and accommodation requests yet failed to implement approved accommodations and address ongoing safety issues. *(Exhibit 6 (c), Exhibit 7 (a))*

1

3. Following Plaintiff's protected activity, Defendants issued a lease non-renewal, creating imminent risk of displacement beginning March 31, 2026. *(Exhibit 3 (a))*

4. Plaintiff has filed this action alleging violations of the Fair Housing Act, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and related law, including retaliation and failure to accommodate, and unsafe living conditions.

## III. LEGAL STANDARD

A preliminary injunction is warranted where the movant demonstrates:
(1) a substantial likelihood of success on the merits;
(2) a substantial threat of irreparable harm absent injunctive relief;
(3) that the threatened injury outweighs any harm the injunction may cause the opposing party; and
(4) that the injunction will not disserve the public interest.

## IV. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

Plaintiff has plausibly shown that Defendants engaged in retaliation for protected activity and failed to provide reasonable accommodations despite notice, in violation of federal disability and fair housing law. The temporal proximity between Plaintiff's protected activity and the non-renewal, combined with Defendants' failure to implement accommodations and address known hazards, establishes a prima facie case sufficient for injunctive relief.

### B. Plaintiff Faces Irreparable Harm Absent an Injunction

Loss of housing, disruption of disability accommodations, and displacement of minor children constitute irreparable harm. Once Plaintiff is displaced, no later award of damages can restore housing stability, community ties, or disability access. The harm is imminent given the March 31, 2026 non-renewal date.

### C. The Balance of Equities Favors Injunctive Relief

The requested injunction preserves the status quo and prevents harm while this case is litigated. Defendants will suffer no cognizable prejudice from maintaining Plaintiff's housing stability temporarily, while denial of relief would subject Plaintiff to severe and irreversible harm.

### D. The Public Interest Supports Enforcement of Federal Housing and Disability Protections

The public interest is served by preventing retaliation, ensuring compliance with federal disability and fair housing law, and avoiding unnecessary displacement of families, particularly where minor children and disability are involved.

## V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter a Preliminary Injunction:

1. Enjoining Defendants from enforcing the lease non-renewal effective March 31, 2026, or otherwise initiating or pursuing eviction, displacement, or retaliatory action against Plaintiff or her household during the pendency of this action;

2. Enjoining Defendants from interfering with Plaintiff's housing stability or disability-related accommodations while this case is pending;

3. Preserving the status quo of Plaintiff's continued residence in her community pending final resolution of Plaintiff's claims; and

4. Granting such other and further relief as the Court deems just and proper.

## VI. CONCLUSION

Because Plaintiff has demonstrated a likelihood of success on the merits, imminent irreparable harm, favorable equities, and alignment with the public interest, the Court should grant the requested Preliminary Injunction to preserve housing stability pending final adjudication.

Respectfully Submitted,

Lauren B. Peña
Plaintiff, Pro Se
1638 E 2nd Street #401
(512) 318-1700
lauren.pena45@gmail.com

## VERIFICATION

I, Lauren B. Peña, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.
Executed on the 20th day of January, 2026, in Austin, Texas.

*/s/ Lauren B. Peña* .