IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAUREN B. PEÑA, *individually and on behalf of her minor child*, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:26-CV-132-RP |
| PATHWAYS AT CHALMERS SOUTH, et al., | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Lauren B. Peña's ("Plaintiff") Motion for Preliminary Injunction. (Dkt. 4). Having considered the briefing, the evidence, and the relevant law, the Court will deny the motion.

### I. BACKGROUND

Plaintiff seeks a preliminary injunction on the basis that Defendants Pathways at Chalmers South; Carleton Living / Carleton Management Services; Michelle Smith, in her individual and official capacity; Sharon Carpenter, in her individual and official capacity; Housing Authority of the City of Austin; and Chris Heale, in his individual and official capacity (together, "Defendants") have declined to renew her lease, (Dkt. 4, at 1), such that she and her family will need to find a new residence. Plaintiff argues that Defendants "engaged in retaliation for protected activity and failed to provide reasonable accommodations despite notice, in violation of federal disability and fair housing law." (*Id.* at 2). In support of this assertion, Plaintiff cites a "temporal proximity between [her] protected activity and the non-renewal, combined with Defendants' failure to implement accommodations and address known hazards." (*Id.*).

## II. DISCUSSION

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

Here, the Court's analysis begins and ends with its finding that Plaintiff has not shown a likelihood of success on the merits. To make a prima facie case of retaliation under the Americans with Disabilities Act ("ADA"), a plaintiff must show that (1) she participated in an activity protected under the statute; (2) she suffered an adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *See Feist v. La. Dep't of Justice, Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013). Similarly, to allege a prima facie case of retaliation under the Fair Housing Act ("FHA"), a plaintiff must allege that (1) she engaged in an activity that the FHA protects, (2) she was subjected to an adverse action by the defendant, and (3) a causal connection exists between the protected activity and the adverse action. *Chavez v. Aber*, 122 F. Supp. 3d 581, 599 (W.D. Tex. 2015). "Protected activities [under the FHA] include the request for a reasonable accommodation" for people with disabilities. *Id.* at 599−600 (citing *Donovan v. Woodbridge Maint. Ass'n*, No. 2:14-cv-00995 JAM-EFB, 2015 WL 1241020, at *4 (E.D. Cal. Mar. 17, 2015)).

Plaintiff makes only conclusory statements as to these elements in her brief and does not elaborate on what the protected activity was that serves as the basis for the alleged retaliation, nor what gives rise to the assumption that the lease non-renewal had a causal connection to the

protected activity. (Mot., Dkt. 4). The Court can discern from the attachments that Plaintiff has made various requests in recent years regarding conditions in her unit while referencing disability law. In the attachments to her Motion, Plaintiff attaches an email she sent to her landlord in November 2025 regarding "security failures" in her unit and explains that she had witnessed the presence of homeless individuals and "drug activity" in her building. (Dkt. 4-7, at 1). In the email, she states that "these conditions violate [her] rights" under the FHA, the ADA, and the Rehabilitation Act. (*Id.*). She also provides an email from August 2024 in which she requested repairs to a non-functional elevator, because her daughter "has been unable to leave [her] apartment" due to her rheumatoid arthritis. (Dkt. 4-6, at 1). She attaches an email acknowledging receipt of a reasonable accommodation request from her property manager dated August 2025 with a subject line referencing that the "elevator is broken again." (Dkt. 4-5). Plaintiff likewise encloses a receipt of a Housing Discrimination Complaint to the U.S. Department of Housing and Urban Development, dated March 2024, (Dkt. 4-2), and a January 2026 "periodic update notification" about a case from the Texas Department of Licensing & Regulation, (Dkt. 4-3). Finally, Plaintiff attaches a notice of lease non-renewal dated January 15, 2026. (Dkt. 4-4).

      The Court understands from Plaintiff's filings that she has made various requests from her landlord over the course of her lease, including ones styled as reasonable accommodations. However, Plaintiff fails to meet her burden to show a likelihood of success on the merits because her allegations and arguments are conclusory. The Court can infer from Plaintiff's exhibits that she made reasonable accommodations requests and requests for repairs, and complaints in some form to the federal and state government, over about a two-year period, and that her landlord declined to renew her lease in January 2026. However, Plaintiff's Motion does not provide evidence or arguments to show a causal connection exists between protected activity and adverse action. To the extent Plaintiff argues that a temporal proximity between her requests and the lease non-renewal

3

shows retaliation, that argument fails at this stage because her Motion in fact shows a variety of types of requests that she made since March 2024 with no apparent relationship between any request and the January 2026 lease non-renewal. Without arguments or evidence supporting the elements of retaliation, and specifically a causal connection between her alleged protected activity and the lease non-renewal, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits and will deny Plaintiff's motion.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction, (Dkt. 4), is **DENIED**.

**SIGNED** on February 25, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE